UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHRISTOPHER HOLM

V. C.A. No.: 04-4321

LIBERTY MUTUAL
LIFE ASSURANCE, CO.
AND BANK OF AMERICA

**MOTION FOR EXTENSION OF TIME PURSUANT TO RULE 56(F)**

Now comes the plaintiff, Christopher Holm, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure and respectfully request that this Court order a continuance of Defendant's Motion for Summary Judgment for the reason set forth in the supporting Memorandum attached hereto and made a part hereof.

Plaintiff,
Christopher Holm
By his Attorney,

Anthony J. Gianfrancesco, Esq. (#2762)
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street
Suite 101
Providence, Rhode Island 02903
(401) 331-1434
Fax: (401) 351-9653

**CERTIFICATION**

I hereby certify that a copy has been sent to **Gary W. Flanagan.**, Edwards & Angell, LLP, 2800 Financial Plaza, Providence, Rhode Island 02903, on this 5th day of **August**, 2005.

DISTRICT OF RHODE ISLAND

CHRISTOPHER HOLM

V. C.A. No.: 04-4321

LIBERTY MUTUAL
LIFE ASSURANCE, CO.
AND BANK OF AMERICA

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME PURSUANT TO RULE 56(F)**

Now comes the plaintiff pursuant to Rule 56(f), that this Court refuse the application for judgment or order of continuance to permit Affidavits to be obtained or depositions to be taken or discovery to be had prior to ruling on the motion. As grounds therefore, the plaintiff avers that plaintiff's deposition is scheduled within the next week. Moreover, the plaintiff has requested that the defendant produce plaintiff's personnel file, which is essential to defendant's claims relevant to the rational that plaintiff gave for terminating his employment, but said personnel file has not yet been produced. The correspondence by and between the parties are essential to plaintiff's case, and defendant itself has placed the understandings between the two parties at issue. For example, in defendant's statement of material facts to which there is no genuine issue to be litigated, defendant claims that plaintiff advised that he was "resigning for personal reasons" and that his separation was "voluntary-personal reasons". See Defendant's Statement of Material Facts.

It is the crux of plaintiff's case that he advised his supervisors as to his progressive disease and its impact upon his work, and further advised that he would be

seeking disability benefits upon his separation. Discovery may bear this out. See attached Affidavit of Anthony Gianfrancesco, Exhibit A.

WHEREFORE, Plaintiff respectfully requests that defendant's motion for summary judgment be denied for discovery to be had pursuant to Rule 56(f).

Plaintiff,
Christopher Holm
By his Attorney,

Anthony J. Gianfrancesco, Esq. (#2762)
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street
Suite 101
Providence, Rhode Island 02903
(401) 331-1434
Fax: (401) 351-9653

**CERTIFICATION**

I hereby certify that a copy has been sent to **Gary W. Flanagan.**, Edwards & Angell, LLP, 2800 Financial Plaza, Providence, Rhode Island 02903, on this 5th day of **August**, 2005.

Michael M. Marcotte